UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

HELENE B. LEBREW,

                      Plaintiff,

- against -

MTA NEW YORK CITY
TRANSIT, MANHATTAN,

                      Defendant.

**REPORT & RECOMMENDATION**
**08 CV 2045 (NGG)(LB)**

----------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

The instant *pro se* employment discrimination case was referred to me for all pretrial purposes. Plaintiff failed to appear at two Fed. R. Civ. P. Rule 16 conferences and has failed to contact the Court or defendant's counsel. The Court's October 2, 2008 Order specifically warned plaintiff that I would recommend that her case should be dismissed, if she failed to appear at the November 3, 2008 conference. Plaintiff did not appear. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## BACKGROUND

On May 19, 2008, plaintiff filed this *pro se* employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, against her former employer MTA New York City Transit, Manhattan. See docket entry 1. Plaintiff's application to proceed *in forma pauperis* was granted, and the United States Marshals served defendant with the summons and complaint. Defendant answered the complaint on

July 10, 2008. The Court held an initial pretrial conference on August 4, 2008 and the parties were ordered to exchange initial disclosures. At the initial conference, the Court scheduled a status conference on September 29, 2008. The Order was given to plaintiff at the initial conference. Plaintiff failed to appear on September 29, 2008. On October 2, 2008, the Court ordered plaintiff to appear for a conference on November 3, 2008, and warned her that if she failed to appear, the Court would recommend that this case should be dismissed. On November 3, 2008, plaintiff again failed to appear for the conference and did not contact defendant's counsel or the Court.[1] Defendant's counsel timely appeared at all conferences.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order . . . .." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d

---

[1] Sometime after October 2, 2008, the Court erroneously mailed plaintiff an order from a different case, with completely different parties, which directed parties in that case to appear for a Court conference in mid-November. The Court alerted defendant's counsel in the instant case of the error and directed counsel to inform plaintiff that the order was sent in error and that the November 3, 2008 conference would proceed as scheduled. Defendant's counsel stated on the record that she phoned plaintiff and sent her separate notice by overnight mail that the November 3, 2008 conference would proceed as scheduled.

47, 49 (2d Cir. 1994).

The Court warned plaintiff that this action would be dismissed if she failed to appear for the scheduled November 3, 2008 conference. Plaintiff should not be afforded unlimited chances to obey the Court's Orders. Plaintiff has twice failed to attend Court conferences despite the Court's explicit warning that her case would be dismissed if she failed to appear.

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 10, 2008
Brooklyn, New York